PHOENIX INSURANCE COMPANY OF HARTFORD, CONNECTICUT,
v. WILLIAM NEAL.

Decided April 4, 1900.

**1. Charge—Legal Effect of Instruments.**

A charge is not one upon the weight of evidence which only instructs the jury as to the legal effect of conveyances upon the title to land, leaving all questions of fact to their determination.

**2. Community Property—Deed to Wife—Conveyance by Husband.**

Where property was purchased and paid for by the husband, but conveyed to the wife, it became either community or his separate property, and passed by the signing and delivery of a deed by the husband and wife before acknowledgment.

**3. Valuable Consideration—Charge.**

It was not an invasion of the province of the jury to charge that a purchase of land by exchange of other land of value and giving note for the balance, was upon valuable consideration.

**4. Insurance—Charge—Owner in Fee Simple.**

It was proper to refuse a charge that an insurance policy—which so provided—was void if the insured was not owner in fee simple;—the term needed explanation.

**5. Notice—Possession.**

That an agent for renting property carried the key to vacant premises for one whose deed thereto was unrecorded, was not such possession as gave notice of the deed to a subsequent purchaser.

APPEAL from Harris County, Eleventh District. Tried below before Hon. JOHN G. TOD.

*O. T. Holt,* for appellant.

*Goldthwaite & Moody,* for appellee.

COLLARD, ASSOCIATE JUSTICE.—Appellant makes a statement of the nature and result of this suit, to which appellee makes no objection, as follows:

"This suit was instituted in the District Court of Harris County, Texas, by Wm. Neal, plaintiff, against the Phoenix Insurance Company of Hartford, Connecticut, upon a fire insurance policy issued by it to plaintiff, covering a dwelling house situated on block 75, in Brunner addition to the city of Houston, Texas, by the terms of which defendant insured plaintiff against loss or damage by fire to said building to the amount of $800, from noon of the 3d day of June, 1897, loss, if any, payable to Mrs. L. J. Hahl, as her interest might appear. The petition alleged that the house was of the value of $1200 on the 23d day of June, 1897, on which date the building was totally destroyed by fire, and that plaintiff complied with all the conditions of the policy, and thereafter made proof of loss and demanded payment of the amount of the policy, which defendant refused to make, to his damage in the sum of $800.

"April 20, 1899, defendant answered by general demurrer, general denial, and special answer that there were conditions and warranty upon which the policy and contract of insurance was made, stipulating (1) that if the interest of the assured be other than unconditional and sole ownership the policy should be void and of no effect, and (2) that if the subject of the insurance was a building on ground not owned by the assured in fee simple, the policy should be void and of no effect; and alleged a violation of these provisions and warranties, in that the interest of the assured at the time of the issuance of the policy was not an unconditional and sole ownership, and that he was not at said time the owner in fee simple of the ground upon which the house was situated.

"April 22, 1899, the case was tried by jury which returned a verdict in plaintiff's favor against the defendant, for the sum of $800 and interest at the rate of 6 per cent per annum from September 20, 1897,

and judgment was entered accordingly," from which this appeal is taken.

We find the facts proved on the trial as follows:

Plaintiff introduced in evidence the policy sued on, dated June 3, 1897, executed by defendant on the building situated on block 75 in the Brunner addition to the city of Houston, insuring William Neal against loss by fire in the sum of $800, payable to L. J. Hahl, as her interest may appear, and among other things, contained the following: "This entire policy shall be void if the insured has concealed or misrepresented, in writing or otherwise, any material fact or circumstance concerning this insurance or the subject thereof; or if the interest of the insured be other than unconditional and sole ownership; or if the subject be a building on the ground not owned by the insured in fee simple."

Defendant's contention is that the insured did not own the property insured.

It was shown that the property insured was destroyed by fire, and proof of the same and loss was made and furnished the company as requested.

1. It was agreed that Frank Northup was the owner of the lots on which the building was situated.

2. He conveyed the lots to M. M. Dameron August 20, 1895.

3. Dameron, by her deed, conveyed the same to L. J. Hahl, May 10, 1897, to her separate use, reciting consideration of one dollar.

4. May 19, 1897, L. J. Hahl, joined by her husband C. W. Hahl, conveyed same to William Neal, plaintiff, in consideration of $1812.50, $1300 being other property given in exchange, and the balance, $512.50, by note, which deed was duly acknowledged by C. W. Hahl and his wife Louise J. Hahl, the 4th day of June, 1897, filed for record June 24, 1897, and recorded July 7, 1897.

Note the policy was dated June 3, 1897, and appellant contends that the lots then belonged to Mabel Bush. The evidence shows M. Dameron, a feme sole, conveyed the property to Mabel Bush, by deed of March 23, 1896, for $900 cash, assumption of a note for $800, two notes for $450, and one for $100. This deed was not recorded, and there was no actual notice to the Hahls or Neal of the conveyance to Bush, nor was anyone in possession for him until between the 20th and 21st days of May, 1897, after the deed of Hahl and wife to Neal, which was executed on the 19th day of May, 1897, and not acknowledged by Hahl and wife until the 4th day of June, 1897. In the purchase of the property from Northup, resulting in the deed to M. M. Dameron, the proof shows that C. W. Hahl paid the purchase price and purchased the property for himself, having the deed made to M. M. Dameron, who was his sister, which was done for business purposes, the title really being in Hahl, M. M. Dameron afterwards conveying the property for a nominal consideration to Hahl's wife, as before stated, both of whom, Hahl and wife, afterwards conveyed to Neal, the plaintiff below and appellee in this court.

The conveyance to L. J. Hahl, wife of C. W. Hahl, having been made May 10, 1897, they conveying to Neal May 19, 1897, vested title in Neal, unless it was defeated by the deed of Dameron to Bush, which was not recorded until June 29, 1897, and of which Neal had no actual notice. The deed was delivered to Neal before May 19, 1897, at which time he sent it back to Hahl and had it acknowledged and recorded. At the time he received the deed he executed the note to Hahl and conveyance of the property exchanged, having no knowledge of any claim by Bush and his wife to the property.

*Opinion.*—The court instructed the jury among other things, "that the evidence shows that on the 23d day of March, 1896, M. M. Dameron was the owner of the house insured and the land upon which it was situated, and that on said date she executed to one Mabel Bush a deed whereby she conveyed said land and said house to Mabel Bush, retaining a lien thereon to secure the payment of certain notes therein described and which were a part of the consideration for said deed, which deed was not filed for record until the 29th day of June, 1897; that afterwards, on the 10th day of May, 1897, said M. M. Dameron conveyed said land to L. J. Hahl; and that on the 4th day of June, 1897, L. J. Hahl, joined by her husband C. W. Hahl, acknowledged the deed in evidence which conveyed the property in question to the plaintiff William Neal; that if from the evidence the jury believe that the plaintiff William Neal, at the time that he purchased the property from L. J. Hahl and husband and took the deed thereto, had no knowledge or notice of the existence of the unrecorded deed previously executed by M. M. Dameron to Mabel Bush, and that the plaintiff paid to the said C. W. Hahl and wife a valuable consideration for said conveyance, and if the jury believe from the evidence that the property conveyed was the community property of C. W. Hahl and wife, then the jury are instructed that the plaintiff acquired a title to the property in controversy at the date the deed from Hahl and wife was delivered to him, and if from the evidence the jury find that the deed was delivered to him on or before the 3d day of June, 1897, they will find for the plaintiff."

The proposition of alleged error made by appellant in the foregoing charge is that it is upon the weight of evidence "in that it informed the jury that if the facts therein recited were shown by the evidence, they would be sufficient to show title in plaintiff." The deeds and conveyances mentioned in the charge would have the effect of vesting the title in the community estate of Hahl and wife, and it was not error to inform the jury as to the law of such facts.

The questions of fact as to notice of the unrecorded deed to Bush and as to payment of a valuable consideration by Hahl, were left to the jury, as they should have been. If the conveyances referred to and the facts relating thereto did not create community estate of Hahl and wife, then it was separate estate of Hahl; and in either case his deed, with or without his wife signing and privy examination, would vest title in his

vendee, William Neal, he paying a valuable consideration at the time of his purchase. The objection to the charge can not be sustained.

The next contention of appellant is that the court erred in instructing the jury that if they "believe that William Neal, as a consideration for the deed from C. W. Hahl and wife to him, conveyed to them or either of them other land of value, or executed his negotiable promissory note to them, then such consideration is, within the meaning of the law, a valuable consideration."

The alleged objection to the charge is that the finding of the facts stated would be insufficient to show a valuable consideration for the conveyance from Hahl and wife to plaintiff.

The facts show that a part of the consideration for the deed was an exchange of other lands of the value of $1300, and the balance by note for $512.50. There is no error in the charge.

The court did not err in refusing defendant's requested charge to the effect that if at the time the policy was issued Neal was not the owner in fee simple of the land upon which the house covered by the insurance was situated, the jury should find for the defendant.

It would have been error, without further explanation, to leave it to the jury to determine what would constitute a title in fee simple. That is a matter of law upon a given statement of facts. Besides, we believe the facts show a title in fee simple in Neal.

It is insisted that the court erred in refusing the following special charge requested by defendant:

"If the jury find from the evidence that Frank Northup and his wife Loula J. Northup were the owners of the land upon which the building was situated, and further find that the said Northup and wife conveyed said land to M. M. Dameron, and that said M. M. Dameron thereafter conveyed said land to Mabel Bush, and that the deed to Mabel Bush was never recorded in the deed records of Harris County, and further find from the evidence that thereafter the said M. M. Dameron conveyed said land to L. J. Hahl, and thereafter L. J. Hahl, joined by her husband C. W. Hahl, conveyed said property to plaintiff William Neal, and that at the time of the purchase of said William Neal, as aforesaid, the said land and house, if any, situated thereon, was in the actual occupancy and possession of Mabel Bush, by herself, her agents or tenants, at the date of the said sale to William Neal, then the jury are charged that such occupancy or possession would in law be actual notice to William Neal of the claim of Mabel Bush to said property, and the plaintiff would be charged with notice of the character of the claim, if any, by which said land and premises were being held by said Mabel Bush, and in purchasing said land he would take the same subject to the prior rights of said Mabel Bush, if any, in and to the same; and if you find from the evidence that the deed from M. M. Dameron to Mabel Bush was not of record, but was prior in date to the deed of M. M. Dameron to L. J. Hahl, and that Mabel Bush was in possession of the property, by herself, agents, or tenants, at the date of the

sale by L. J. Hahl to plaintiff, William Neal, then you will find for the defendant."

Appellant says the above charge should have been given, because possession of the premises was notice to the purchaser. The facts do not show that Mabel Bush was in possession of the premises at the time of Neal's purchase; on the contrary, it is shown that she was not in possession, by tenant or otherwise, at the time. It is shown that she had an agent in charge to rent the property, but he was not occupying the premises. He only had the key to the house.

The next two assignments of error, the fifth and sixth, have already been disposed of adversely to appellant.

The appellant asked the court to instruct the jury that the property was the separate estate of L. J. Hahl, wife of C. W. Hahl, and that the deed of Hahl and wife would not take effect until the 4th day of June, 1897, the time when her separate acknowledgment of the deed to Neal was taken, and that therefore the jury should have been instructed to find for defendant.

This charge ignores the facts showing separate estate of Hahl and community estate of Hahl and wife, and should not have been given.

The evidence supported the verdict and there was no error in refusing to set it aside.

The condition of the policy relating to the unconditional ownership of the property did not apply to the facts, and it was not error to instruct the jury not to consider the same.

The last assignment of error relates to matters that have already been considered, and insists that the verdict is wrong because the deed was not delivered until the 24th day of June, 1897. The facts show that Neal received the deed and executed his transfer of property and the note before May 19, 1897. He sent it back afterwards for acknowledgment and record, but it had been delivered to him, and it took effect as to Hahl's separate estate or community estate at least on the 19th day of May, 1897, the time of its date and the time it was intended to take effect.

We find no error in the judgment of the lower court. The judgment is affirmed.

*Affirmed.*